**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                     CASE NO:

5526 S.O.B.T., LLC and MADELINE
RODRIGUEZ,

    Defendants.

_____/

## <u>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES</u>

KINSALE INSURANCE COMPANY ("Kinsale") files suit against 5526

S.O.B.T., LLC ("SOBT") and MADELINE RODRIGUEZ ("Rodriguez"), and

alleges:

## <u>NATURE OF ACTION</u>

This is an action for declaratory relief under 28 U.S.C. § 2201 to determine

there is no coverage because the first notice to Kinsale was after there was already

a Final Judgment of $1,371,484.11. Kinsale was deprived of all opportunity to

investigate and defend the lawsuit. Indeed, the insured allowed a default and

uncontested arbitration award to be entered without ever notifying Kinsale. As a matter of law, Kinsale submits there is no coverage.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.      Venue is proper in this district because the accident alleged in the Underlying Action occurred in this district, the Underlying Action was litigated in this district, SOBT's principal place of business is in this district, and, otherwise, "a substantial part of the events giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(1).

3.      All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

4.      Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to SOBT.

5. SOBT is a Florida limited liability company. SOBT's single member, Maldrid Moreno, is domiciled in Orange County, Florida. SOBT is accordingly a citizen of Florida.

6. Rodriguez is domiciled in Orange County, Florida. Rodriguez is accordingly a citizen of Florida.

### THE UNDERLYING ACTION AND LATE NOTICE TO KINSALE

7. On 03/17/2023, Rodriguez filed suit against SOBT in circuit court in Orange County, Florida, in a lawsuit styled *Madeline Rodriguez v. 5526 S.O.B.T., LLC*, Case Number 2023-CA-002378-O (the "Underlying Action"). (*See* Operative Complaint, which is attached as Exhibit "A.")

8. According to the complaint, SOBT owned, controlled, possessed, and maintained property located at 5526 South Orange Blossom Trail, Orlando, Florida. (*Id*. at ¶ 8.)

9. On 09/21/2022, while allegedly on the property as a business invitee, Rodriguez tripped and fell on a pothole in the parking lot. (*Id*. at ¶¶ 9, 13.)

10. SOBT was served with the complaint on 10/24/2023. (*See* Return of Service of Summons, which is attached as Exhibit "B.")

11. SOBT failed to hire an attorney to defend itself.

12. SOBT failed to notify Kinsale of the lawsuit.

13. A Clerk's default was entered against SOBT on 04/29/2024. (*See* Clerk's Default, which is attached as Exhibit "C.")

14. On 01/29/2025, the trial court in the Underlying Action ordered Rodriguez and SOBT to attend non-binding arbitration. (*See* Nonbinding Arbitration Order, which is attached as Exhibit "D.")

15. SOBT failed to notify Kinsale of the arbitration.

16. On 04/10/2025, following an arbitration award of $1,371,484.11 against SOBT and for Rodriguez, SOBT notified Kinsale of the Underlying Action. SOBT provided Kinsale with a copy of the complaint and arbitration award. (*See* 04/10/2025 Notice Correspondence, which is attached as Exhibit "E.")

## KINSALE'S EFFORTS TO SET ASIDE THE DEFAULT

17. After SOBT notified Kinsale of the Underlying Action, Kinsale agreed to defend SOBT under a complete reservation of rights. (*See* Position Letter, which is attached as Exhibit "F.")

18. On 06/18/2025, defense counsel, who Kinsale retained for SOBT, filed a Motion to Vacate the Clerk's Default, Non-Binding Arbitration Award and Final Judgment based on alleged deficiencies in the service of process and SOBT's

excusable neglect. (*See* Operative Motion to Vacate, which is attached as Exhibit "G.")

19.    On 06/01/2026, the court entered an order denying SOBT's motion, determining, among other things, that Rodriguez properly effectuated substitute service and that SOBT failed to establish excusable neglect. (*See* 06/01/2026 Order, which is attached as Exhibit "H.")

## THE KINSALE POLICY

20.    SOBT applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100206307-0, effective from 09/12/2022 to 09/12/2023 (the "Policy"). (*See* Policy, which is attached as Exhibit "I.")

21.    Before the Policy was issued and delivered to SOBT, all forms and endorsements were disclosed to SOBT in a Binder. (*See* Primary Policy Binder, which is attached as Exhibit "J.")

22.    Before the Policy was issued and delivered to SOBT, all forms and endorsements were disclosed to SOBT in a Quote. (*See* Policy Quote, which is attached as Exhibit "K.")

23.    Kinsale has been defending SOBT in the Underlying Action under a complete reservation of rights, which SOBT accepted. (*See* Ex. F)

## COUNT I – LATE NOTICE

24.    Kinsale incorporates paragraphs 1 through 24.

25.    The Kinsale policy includes the following provision:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)**    How, when and where the "occurrence" or offense took place;

**(2)**    The names and addresses of any injured persons and witnesses; and

**(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

**(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**    Notify us as soon as practicable.

> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

> **c.** You and any other involved insured must:

>> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

>> **(2)** Authorize us to obtain records and other information;

>> **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

>> **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. …

(*See* Ex. I at Form CG 00 01 04 13, Pg. 11/16.)

26.    Kinsale was notified of the Underlying Action for the first time on 04/10/2025. (*See* Ex. E.)

27. By the time Kinsale was notified of the Underlying Action, Rodriguez had already obtained a default and an arbitration award against SOBT. (*See* Ex. C and Ex. D.)

28. SOBT breached the Duties In The Event of Occurrence, Offense, Claim or Suit provision in the Policy by failing to provide Kinsale with prompt notice of the Rodriguez incident and the Rodriguez lawsuit.

29. Kinsale was prejudiced by SOBT's failure to provide prompt notice.

30. Kinsale is accordingly relieved of all duties under the Policy, including any duty to defend or indemnify SOBT.

## COUNT II – REIMBURSEMENT OF DEFENSE EXPENSES

31. Kinsale incorporates paragraphs 1 through 24.

32. Even though SOBT breached the notice provision, Kinsale retained defense counsel for SOBT to try to set aside the default and arbitration award.

33. Kinsale appointed counsel for SOBT under a complete reservation of rights since SOBT did not timely notify Kinsale of the Rodriguez lawsuit.

34. In the reservation of rights letter, Kinsale specifically reserved the right to seek reimbursement of defense expenses from SOBT. Specifically, Kinsale informed SOBT that "Kinsale reserves the right to institute a declaratory judgment

action on the issue of coverage under the policy and seek reimbursement of all attorney's fees and costs incurred if there is a determination of no coverage."

35. Since Kinsale never owed coverage, Kinsale is entitled to reimbursement of all its attorneys' fees and costs. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1261 (N.D. Fla. 2016); *see also Houston Spec. Ins. Co. v. Fenstersheib*, 632 F. Supp. 3d 1318, 1334 (S.D. Fla. 2022) ("Because Houston never had a duty to defend and defended only under a complete reservation of rights that expressly preserved its right to seek reimbursement, Houston is entitled to recoup the defense costs it expended.").

## RELIEF REQUESTED

Kinsale respectfully requests that the Court:

a)   Take jurisdiction and adjudicate the rights of the parties under the Policy.

b)   Declare the following:

   i.   Kinsale has no duty to defend or indemnify SOBT under Section IV of the Policy;

   ii.   Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending SOBT because there is no coverage under the Policy.

c)   Award Kinsale all costs to prosecute this action.

d)     Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SERGIO BUENO
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646